Jeffrey J. Needle, Esq.
FBIN: 0088242
The Needle Law Group
5300 N.W. 33rd Ave., Suite 206
Fort Lauderdale, Florida 33309
Tel.- 954-485-9900 ext. 119
Fax - 954-485-8527 fax
jeffrey@needlelaw.com

Daniel C. Fleming, Esq (*Special Admission Pending*)
Micci J. Weiss, Esq. (*Special Admission Pending*)
Wong Fleming
821 Alexander Road, Suite 200
Princeton, NJ 08540
Tel. - 609-951-9520
Fax – 609-951-0270
dfleming@wongfleming.com
mweiss@wongfleming.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORP., | CASE NO.: |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**BREACH OF CONTRACT** |
| TWIN STAR CORPORATE AVIATION, LLC and RANDALL E. BROMLEY, | |
| Defendants. | |

Plaintiff Harley-Davidson Credit Corp. files its complaint against defendants Twin Star Corporate Aviation, LLC and Randall E. Bromley and alleges and states as follows:

## THE PARTIES

1. Plaintiff Harley-Davidson Credit Corp. ("HDCC") is a Nevada Corporation, with its principal place of business in Carson City, Nevada.

2. Defendant Twin Star Corporate Aviation, LLC ("Twin Star") is a limited liability company, with its address at 2300 East Landstreet Road, Orlando, Florida 32824.

3. Defendant Randall E. Bromley ("Bromley") is an individual residing at 4115 100th St. W, Bradenton, Florida 34210.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as being the district where a substantial part of the events and omissions occurred giving rise to this action, and also in which a substantial part of the property that is subject to this action is located.

## FACTS

### The 2007 Aircraft Security Agreement and Aircraft Secured Promissory Note

6. On or about February 20, 2007, Eaglemark Savings Bank ("Eaglemark") agreed to and did lend Twin Star $532,596.00 for the purchase of one (1) Diamond DA-42, bearing a manufacturer's serial number 42.AC039 and a United States Registration mark N424RP, together with engines, and all parts, equipment, avionics and accessories installed therein or thereon (hereinafter the "Aircraft") to be owned and titled in the name of Twin Star. A full

description of the Aircraft is included in the Aircraft Security Agreement, dated February 20, 2007.

7. The loan was evidenced by an Aircraft Secured Promissory Note dated February 20, 2007 by Twin Star in favor of Eaglemark in the principal amount of $532,596.00 ("Promissory Note"). The Promissory Note was assigned to HDCC. A true and correct copy of the Promissory Note is attached hereto as **Exhibit A**.

8. As security for Eaglemark's loan to Twin Star, Eaglemark and Twin Star entered into an Aircraft Security Agreement dated February 20, 2007 ("Aircraft Security Agreement") granting Eaglemark a first priority security interest in the Aircraft, including, but not limited to its airframe, engines, propeller(s), and record logs as more fully described in Section 1 of the Aircraft Security Agreement. The Aircraft Security Agreement was assigned to HDCC. A true and correct copy of the Aircraft Security Agreement is attached hereto as **Exhibit B**.

9. On February 9, 2007, Bromley executed an Unconditional and Continuing Guaranty (the "Guaranty"), personally and unconditionally guaranteeing Twin Star's performance on all of its then-existing and future obligations to HDCC. The Guaranty is attached hereto as **Exhibit C**.

### Default by Twin Star Under the Promissory Note, Repossession and Sale of the Aircraft

10. On or about August 31, 2010, Twin Star defaulted under the Promissory Note for failure to pay the amount due thereunder.

11. On or about August 23, 2010, HDCC agreed to a short sale of the Aircraft by Twin Star and Bromley. The Aircraft was sold and the proceeds were applied to the obligations

owed by Twin Star to HDCC. A deficiency balance of $181,298.19 was left due and owing by Twin Star to HDCC.

### Right to Attorneys' Fees

12. Under the Promissory Note, Section 5, Twin Star is obligated to pay attorneys' fees and costs incurred by HDCC in the enforcement of its rights thereunder, including this lawsuit.

13. HDCC has performed any and all conditions and obligations required of it under the terms of the aforementioned Promissory Note and Aircraft Security Agreement prior to bringing this lawsuit.

### COUNT I

### BREACH OF CONTRACT-BORROWER

14. HDCC re-alleges each and every allegation contained in the preceding paragraphs as if stated herein verbatim.

15. The Promissory Note represents a contract between Twin Star and HDCC.

16. Under the terms and conditions of the Promissory Note, HDCC lent the sum of $532,596.00 to Twin Star.

17. Under the terms and conditions of the Promissory Note, Twin Star was obligated to pay the deficiency balance due and owing HDCC after the Aircraft was sold.

18. On or about January 29, 2013 HDCC mailed to Twin Star, a letter for Demand of Repayment of Deficiency. A true and correct copy of the letter is attached as **Exhibit D.**

19. Twin Star has breached its obligations to HDCC under the terms of the Promissory Note by failing to pay the deficiency balance due. As a result of Twin Star's breach of its obligations to HDCC under the terms of the Promissory Note, HDCC has suffered damages.

20. The Promissory Note provides that HDCC shall recover its attorneys' fees, costs and interest on all unpaid amounts due and owing.

**WHEREFORE**, Plaintiff, Harley-Davidson Credit Corp., prays that this Court:

(a) enter a judgment in its favor and against Defendant, Twin Star, in the amount due and owing under the Promissory Note, in the amount of $181,298.19;

(b) attorneys' fees, costs, and interest; and

(c) such other and further relief as shall be just and equitable.

## COUNT II

## BREACH OF CONTRACT-PERSONAL GUARANTOR

21. HDCC re-alleges each and every allegation contained in the preceding paragraphs as if stated herein verbatim.

22. By executing the Guaranty, Bromley personally guaranteed the repayment of all amounts due under the Promissory Note. Bromley is personally liable for all debt incurred by Twin Star under the Promissory Note.

23. On or about January 29, 2013 Bromley was mailed a copy of the Letter Demand for Repayment of Deficiency and was notified by HDCC of Twin Star's default. A true and correct copy of the letter is attached hereto as **Exhibit E.**

24. Bromley as guarantor did not cure the default.

25. Pursuant to the terms of the Promissory Note, Aircraft Security Agreement, and Guaranty, if Twin Star is in default, and if Twin Star fails to pay any amounts to HDCC when due, Bromley, as guarantor of the defaulted Promissory Note, is obligated to cure the default.

26. Pursuant to the terms of the Promissory Note, Twin Star agreed to pay all costs and expenses associated with collecting any overdue payments. As guarantor of the defaulted Promissory Note, Bromley, agreed to pay all costs and expenses associated with collecting any overdue payments.

27. HDCC is owed the sum of $181,298.19 plus accruing interest and fees, due to the Twin Star's failure to pay the Promissory Note.

28. Bromley expressly agreed, and is obligated, to pay HDCC's reasonable attorney fees and costs of any action instituted upon Twin Star's default.

**WHEREFORE**, Plaintiff, Harley-Davidson Credit Corp., prays that this Court:

(a) enter a judgment in its favor and against Defendant, Bromley, in the amount due and owing under the Promissory Note, in the amount of $181,298.19;

(b) attorneys' fees, costs, and interest; and

(c) such other and further relief as shall be just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated this 15th day of July, 2013 | |
|  | /s/ Jeffrey J. Needle<br>Jeffrey J. Needle, Esq.<br>FBIN: 0088242<br>The Needle Law Group<br>5300 N.W. 33rd Ave., Suite 206<br>Fort Lauderdale, Florida 33309<br>954-485-9900 ext. 119<br>954-485-8527 fax<br>jeffrey@needlelaw.com |
| Dated this 15th day of July, 2013 | |
|  | /s/ Daniel C. Fleming<br>Daniel C. Fleming, Esq.<br>Micci J. Weiss, Esq.<br>(*Special Admission Pending*)<br>Wong Fleming<br>821 Alexander Road, Suite 200<br>Princeton, NJ 08540<br>Tel. - 609-951-9520<br>Fax – 609-951-0270<br>dfleming@wongfleming.com<br>mweiss@wongfleming.com |